# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2536

_____

United States of America

*Plaintiff - Appellee*

v.

Nestor Casillas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 17, 2015
Filed: July 6, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Nestor Casillas of conspiracy to distribute and nine counts of distributing methamphetamine in violation of 21 U.S.C. §§ 841 and 846. The district court[1] sentenced him to 188 months in prison. Prior to trial, the court denied

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Casillas's motion to suppress his incriminating voluntary statements made to law enforcement officers following his arrest without a warrant and prior to his presentment before a magistrate judge. Casillas appeals the denial of that motion. We affirm.

Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure provides that, following an arrest, the arresting officer "must take the defendant without unnecessary delay before a magistrate judge." Under the judicial doctrine commonly known as the McNabb-Mallory rule,[2] "confessions made during periods of detention that violate [Rule 5(a)'s] prompt presentment requirement" are "generally render[ed] inadmissible." Corley v. United States, 556 U.S. 303, 309 (2009) (quotation omitted). However, 18 U.S.C. § 3501(c), enacted in 1968, limits the McNabb-Mallory rule by providing that a confession "shall not be inadmissible solely because of delay in bringing [the defendant] before a magistrate judge" if the confession was voluntary and was made "within six hours immediately following" the defendant's arrest or detention. "If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the McNabb-Mallory cases, and if it was, the confession is to be suppressed." Corley, 556 U.S. at 322. "[D]elay for the purpose of interrogation is the epitome of 'unnecessary delay.'" Id. at 308.

Reflecting these principles, the pretrial motion filed by Casillas's appointed attorney argued that his confession should be suppressed because it "was made more than six hours after his arrest, and . . . the presentment to a magistrate 36 hours afer his arrest was unreasonable and untimely." At the evidentiary suppression hearing, ATF Special Agent Kelly Etnier and Des Moines Police Officer Anthony Ballantini testified to the following sequence of events after Casillas was arrested at 8:30 a.m.

---

[2]Named after the Supreme Court's decisions in McNabb v. United States, 318 U.S. 332 (1943), and Mallory v. United States, 354 U.S. 449 (1957).

on November 7, 2013, based on probable cause to believe he was engaged in methamphetamine trafficking:

The arresting Des Moines police officer transported Casillas to the Narcotics Unit office, where he was advised of and waived his Miranda rights. He initially did not provide information, and the officers ceased interrogating him. Approximately two hours later, however, he summoned an officer and began to provide useful information about the presence of explosives and weapons at a farm where agents were about to execute a search warrant, and then about the scope of the methamphetamine distribution conspiracy and his role in it.

At around 11:30 a.m., Officer Ballantini and another officer began driving Casillas around Des Moines, at his request, and continued the questioning. Meanwhile, at 12:30 p.m., Agent Etnier appeared before Magistrate Judge Ross Walters, who signed a criminal complaint and arrest warrant for Casillas. Ballantini testified that he returned with Casillas to the police office after about an hour and continued questioning Casillas about the farm to be searched until 2:30 p.m. A police van transported Casillas to the Polk County Jail for booking, where he arrived at 3:57 p.m. Agent Etnier testified that federal arrestees are presented at the federal courthouse for their initial appearances before 2 p.m. each day. Casillas's interview regarding the farm to be searched extended until 2:30 p.m. on November 7, so his initial appearance took place at 2:32 p.m. on November 8.

At the conclusion of the hearing, the district court found the testimony of Agent Etnier and Officer Ballantini credible. Based on this testimony, the court found that Casillas was arrested at 8:30 a.m. and his cooperation "ended no later than 2:30 p.m."; that Casillas understood and waived his Miranda rights; that his incriminating statements were made voluntarily; and that his presentment on November 8 was not unreasonably delayed for the purpose of obtaining information from him. Based on these findings, the court denied the motion to suppress.

Counsel's brief on appeal questioned whether Casillas's confession was made within six hours of his arrest. "The agents testified that the interview ended just prior to 2:30 p.m., which is conveniently within the six hour rule of § 3501(c). Yet Casillas did not arrive at the jail until 4 p.m." But at oral argument, counsel conceded, as she must, that the district court explicitly found that the incriminating statements were made within six hours of Casillas's arrest, and that we review this factual finding for clear error. See, e.g., United States v. Evans, 781 F.3d 433, 436 (8th Cir. 2015).

Recognizing that the record provides no basis to challenge as clearly erroneous the district court's finding that Casillas voluntarily confessed within six hours of his arrest, counsel argued that even a voluntary confession made within six hours of arrest must be suppressed under the McNabb-Mallory rule if the defendant's later presentment was unreasonably delayed. But this argument is contrary to the plain meaning of § 3501(c), which provides that a voluntary confession made within six hours of the defendant's arrest "shall not be inadmissible solely because of delay in bringing [the defendant] before a magistrate judge." As the Supreme Court noted in Corley, "*[i]f* the confession came within [six hours], it *is* admissible." 556 U.S. at 322 (emphasis added).

The judgment of the district court is affirmed.

_____